IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,559-01






EX PARTE EARLIE B. NORMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,751-A IN THE 411TH DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years' imprisonment. The Ninth Court of Appeals affirmed the conviction.
Norman v. State, No. 09-01-00025-CR (Tex. App.--Beaumont del. Oct. 31, 2001).

 Applicant pled guilty without a plea agreement. He contends his plea was involuntary. He
alleges his trial counsel told him, before he entered his plea, that he would be placed on probation.
Then he claims that, on the day of sentencing, counsel told him the case had changed, and he would
receive a twenty year sentence. The trial court assessed a thirty year sentence. There is no affidavit
from trial counsel responding to the claims or plea papers in the writ record.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve
the disputed facts and may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 12, 2013

Do not publish